*Court of Appeals, Fifth Circuit, Parish of Plaquemines.*

## F. C. BROOKS *v.* A. P. DOLARD.

### ON APPLICATION FOR REHEARING.

1. Article 103, Constitution of 1879, imposes upon the Courts of Appeals the rules of practice regulating proceedings in the Supreme Court only in so far as the same may be applicable.

2. The delay of three days allowed by the Supreme Court for applications for rehearing in cases outside of the city of New Orleans, is not obligatory upon the Circuit Courts of Appeal.

3. Said Courts of Appeal may adopt rules regulating applications for rehearing before them, and where, under rules so adopted, such applications are to be filed before the end of the term, in any particular parish, and one is presented after adjournment *sine die*, it will be disregarded.

*Appeal from the Twenly-sixth Judicial District, Parish of Plaquemines. Livaudais, Judge.*

*Latige & Livaudais* for plaintiff and appellee.

*Beauregard* for defendants and appellants.

BLAKE, J.—The application for a rehearing in this case was filed with the clerk on the 5th of November, 1880, after the adjournment, *sine die*, of this Court.

The Constitution, in creating Courts of Appeal, limits their sessions in the various parishes composing their respective circuits, and in many (notably that of Plaquemines) to one week.

The framers of our organic law contemplated that within the compass of time limited for each session, the business before the Court should be brought to a finality, hence the restriction contained in article 103 of the Constitution, which provides " that the rules of practice regulating appeals to and proceedings in the Supreme Court, shall apply to appeals and proceedings in the Courts of Appeal, *so far as may be applicable,* until otherwise provided by law.

In the absence of express law regulating the practice before

the Courts of Appeal, it is clear that owing to the limited session of one week, wherein cases are to be heard and determined, the delay of three days allowed for rehearing by the Supreme Court is inapplicable, as its tendency would be to defeat the intention of the law-makers in securing a speedy determination of cases.

The same remedy, we concede, exists in Courts of Appeal as before the Supreme Court, and in recognizing the right of a party to his application for rehearing, *ex necessitate rei* it must be presented within a period, to be provided for by rules of this Court, adopted in regard to this matter. We have thus provided in Rule 9. The application should have been made at the same term of the Court in order to be disposed of before adjournment *sine die*.

The application for a rehearing, in this instance, comes too late, and is consequently denied.